UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **SCENTER PICKNEY** | **CIVIL ACTION NO. 16-0211** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STRATEGIC RESTAURANTS ACQUISITION COMPANY LLC, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Plaintiff filed this suit on February 15, 2016, asserting claims for discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981; the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2); and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

Pending before the Court is Defendants Strategic Restaurants Acquisition Company, LLC, Burger King Corporation, Teresa Donnich, Damien Arabie and Troy Theriot's (collectively "Defendants") Motion to Compel Arbitration, to Stay Proceedings, and for an Award of Reasonable Attorneys' Fees. [Doc. No. 11]. The motion was referred to Magistrate Judge Patrick Hanna for a Report and Recommendation. [Doc. No. 18]. In his Report and Recommendation [Doc. No. 21], Magistrate Judge Hanna recommends that this Court grant in part and deny in part Defendants' motion, stay the lawsuit and order Plaintiff to submit her claims to arbitration, but deny an award of attorneys' fees, "because the arbitration agreement is not binding on this court." [Doc. No. 21, p. 17].

Defendants objected to the Report and Recommendation to the extent it denies attorneys' fees. [Doc. No. 22]. Plaintiff did not respond.

After conducting a *de novo* review of the record in this case, the Court ADOPTS IN PART

and DECLINES TO ADOPT IN PART Magistrate Judge Hanna's Report and Recommendation. Specifically, the Court ADOPTS the Report and Recommendation and finds that Defendants' Motion should be GRANTED to the extent they seek to stay the lawsuit and compel Plaintiff to submit her claims to arbitration in accordance with the agreement. However, the Court DECLINES TO ADOPT the Report and Recommendation with regard to attorneys' fees.

It is well settled under Louisiana law that a prevailing litigant may not recover attorneys' fees unless provided for by statute or contract. *General Motors Acceptance Corp. v. Meyers*, 385 So.2d 245, 247 (La. 1980) (citing *Hernandez v. Harson*, 237 La. 389, 111 So.2d 320 (1959)). Defendants seek "reasonable costs and attorney's fees" as the "prevailing party" under the signed agreement titled Statement of Arbitration Policy and Agreement to Arbitrate ("Arbitration Agreement"). [Doc. No. 11-3, p. 3]. Section 6 of the Arbitration Agreement provides:

> Any disputes concerning the enforcement, scope, and/or applicability of this policy shall in the first instance be determined by the arbitrator. Should either the Company or an employee disregard this arbitration policy and pursue an action subject hereto in any court or administrative agency, upon application of the aggrieved party to a court of competent jurisdiction, the court shall order the matter to arbitration and **shall award the prevailing party in any such hearing its reasonable costs and attorney's fees incurred in connection therewith.**

*Id.* at 4 (Emphasis added).

The Court concludes that Defendants are the prevailing party under the Arbitration Agreement. The express language of the contract demonstrates the clear intent of the parties for the deciding court to award attorneys' fees to the prevailing party to the extent such fees were incurred in enforcing the arbitration agreement. *See, e.g.*, *Galva-Foam Marine Indus., Inc. v. Antelope Point Holdings, LLC*, No. CV 08-1259-PHX-NVW, 2008 WL 4191468, at *1 (D. Ariz. Sept. 10, 2008) (attorney's fees awarded to the party compelling mediation under an arbitration agreement which

provided that "the court shall award cost [sic] /expenses including attorney fees to the party justly entitled to them."). Applying the plain language of the agreement and consistent with the intent of the parties, Defendants are entitled to collect reasonable costs and attorneys' fees incurred in connection with their motion.

For the foregoing reasons, Defendants' Motion to Compel Arbitration, to Stay Proceedings and for an Award of Attorneys' Fees [Doc. No. 11] is GRANTED. Plaintiff is ordered to submit the claims asserted in this lawsuit to arbitration in accordance with the arbitration agreement, this lawsuit is STAYED, and Defendants are awarded costs and attorneys' fees related to the filing and prosecution of their motion. Defendants' counsel shall file an affidavit and any supporting documentation setting forth the requested costs and attorneys' fees within twenty-one (21) days of the date of this ruling and accompanying judgment. Plaintiff shall have fourteen (14) days from the date the affidavit is filed to file her response.

MONROE, LOUISIANA, this 9th day of March, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE