# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **SCENTER PICKNEY** | **CIVIL ACTION NO. 16-0211** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STRATEGIC RESTAURANTS ACQUISITION COMPANY LLC, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Plaintiff Scenter Pickney ("Pickney") filed this suit on February 15, 2016, asserting claims for discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2); and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Pending before the Court is Defendants Strategic Restaurants Acquisition Company, LLC, Burger King Corporation, Teresa Donnich, Damien Arabie and Troy Theriot's (collectively, "Defendants") Submittal of Attorneys' Fees Request. [Doc. No. 25].

On March 9, 2017, the Court entered a Ruling and Judgment staying the proceedings and ordering Pickney to submit the claims asserted in this lawsuit to arbitration in accordance with the arbitration agreement. [Doc. No. 24]. Further, the Court awarded Defendants reasonable costs and attorneys' fees and ordered Defendants' counsel to file an affidavit and any supporting documentation setting forth the requested costs and attorneys' fees. *Id.* On March 30, 2017, Defendants submitted their requested affidavits and supporting documentation. [Doc. No. 25]. Pickney did not file a response.

Under Louisiana law, a "reasonable attorney's fee is determined by the facts of an individual

case. In making awards for attorney's fees, the trial court is vested with great discretion . . . ." *Richardson v. Parish of Jefferson*, 98-625 (La. App. 5 Cir. 1999); 727 So.2d 705, 707 (citations omitted).

A. **Calculating a Reasonable Hourly Rate**

Attorneys' fees must be calculated at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Johnson v. City of Monroe*, 06-0635, 2007 WL 4680476 at *2 (W.D. La. Nov. 27, 2007). The relevant legal market is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The party seeking attorneys' fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *Wells v. Regency Hosp. Co.*, 07-3775, 2008 WL 5273712 at *2 (E.D. La. Dec. 15, 2008). "A district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *Worldcom, Inc. v. Automated Communications, Inc.*, 75 F.Supp.2d 526, 531 (S.D. Miss. 1999). A United States District Court for the Middle District of Louisiana described the proof necessary to establish the prevailing market rate:

> "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. Rather, [t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, as well as "affidavits of other attorneys practicing [in the community in question] (the party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community").

*Heck v. Buhler*, 07-00021, 2014 WL 2003270, at *2 (M.D. La. May 15, 2014) (citations omitted).

Here, Defendants seeks attorneys' fees for two attorneys:

1. Mr. David Whitaker ("Whitaker"), who is seeking $335 per hour;

2

2. Ms. Zoe Vermeulen ("Vermeulen"), who is seeking $240 per hour in 2016 and $255 per hour in 2017.

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 279 (5th Cir. 2000); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The relevant legal market is where the district court sits. *See e.g.*, *Calix v. Ashton Marine LLC*, No. CV 14-2430, 2016 WL 4194119, at *3 (E.D. La. July 14, 2016). The reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there, not the fee-seeker's attorney. *Thompson v. Connick*, 553 F.3d 836, 867-68 (5th Cir. 2008), *rev'd on other grounds*, 563 U.S. 51 (2011).

Defendants state that Whitaker's rate of $335 is a reduction from his firm rate of $395 and Vermeulen's requested rates of $240 and $255 are her standard firm rates. Defendants' firm is located in New Orleans, Louisiana, and not in the relevant legal market. The undersigned is mindful that, even for qualified and seasoned litigators who might justify the rates cited by Defendants, such attorneys "customarily charge their highest rates only for trial work. Lower rates may, and indeed should, be charged for routine work requiring less extraordinary skill and experience." *White v. Imperial Adjustment Corp.*, No. 99–3804, 2005 WL 1578810, at *8 (E.D. La. June 28, 2005); *see also, Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).

Based on the above, the Court's knowledge of the prevailing market rates in this legal community, the Court's familiarity with the qualifications and expertise of counsel and their law

3

firm, and recent awards of reasonable attorney's fees in this district, Court finds that a rate of $275 per hour for Whitaker and $150 per hour for Vermeulen is reasonable. *See Dugas v. Mercedes-Benz USA, LLC,* 12-02885, 2015 WL 1198604 (W.D. La. Mar. 16, 2015) (holding that $275 per hour was a reasonable rate in this district); *see Hefren v. Murphy Expl. & Prod. Co., USA*, No. CIV.A. 12-1899, 2015 WL 5099133, at *8 (W.D. La. Jan. 20, 2015), *report and recommendation adopted*, No. CIV.A. 12-1899, 2015 WL 5123981 (W.D. La. Aug. 27, 2015), *aff'd*, 647 F. App'x 301 (5th Cir. 2016) ($150 per hour rate for associate in the relevant market).

B.     **Hours Reasonably Expended**

The lodestar formula's second component is designed to unveil the number of hours the fee-seeking party reasonably expended on the litigation. The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended. The fee-seeking party must also show it exercised "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented. *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990). Defendants submit that Whitaker spent 28.8 hours and Vermeulen spent 14.5 hours.

The Court finds that the number of hours requested is reasonable. Applying the lodestar formula, the Court calculates attorneys' fees as follows:

| Name | Hours Submitted | Billing Rate Claimed | Billing Rate Awarded | Awarded Fee |
|---|---|---|---|---|
| Whitaker | 28.8 | $335 | $275 | $7,920 |
| Vermeulen | 14.5 | $240/$255 | $150 | $2,175 |
| Total | | | | **$10,095** |

After applying the deduction, the combined lodestar is $10,095.00.

C.      **Applying the Johnson Factors to the Lodestar**

Generally, the lodestar formula yields a reasonable fee award; indeed, the lodestar amount is presumptively reasonable and courts should not alter it absent extraordinary circumstances. *See Coe v. Chesapeake Exploration, LLC*, 09-290, 2011 WL 4366728, at *6 (E.D. Tex. Sep. 15, 2011). The Court recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has recently been called into question. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). However, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, has continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013).

This is not an exceptional case where the lodestar formula fails to provide a reasonable attorneys' fee. In light of those circumstances, the Court finds no reason, based on any of the *Johnson* factors, to modify the $10,095.00 lodestar amount, as to which there is a strong presumption of reasonableness. *See Perdue*, 559 U.S. at 552. Therefore, the Court awards Defendants attorneys' fees in the amount of $10,095.00.

MONROE, LOUISIANA, this 4th day of May, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE