# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **SCENTER PICKNEY** | **CIVIL ACTION NO. 16-0211** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STRATEGIC RESTAURANTS ACQUISITION COMPANY LLC, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Pending before the Court is Plaintiff's Motion for Relief from Judgment. [Doc. No. 36]. The motion is fully briefed, and the Court is prepared to rule.

Plaintiff filed this suit on February 15, 2016, asserting claims for discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2); and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

In response, on June 6, 2016, Defendants filed a Motion to Compel Arbitration, to Stay Proceedings, and for an Award of Reasonable Attorney's Fees on grounds that Plaintiff was required to submit her claim to arbitration in accordance with an arbitration agreement. [Doc. No. 11]. On January 24, 2017, oral arguments were held before Magistrate Judge Patrick Hanna. On February 6, 2017, Magistrate Judge Hanna issued a Report and Recommendations suggesting that the Defendants' Motion to Compel Arbitration and Stay Proceedings be granted in part and denied in part. [Doc. No. 21]. Magistrate Judge Hanna concluded that that the lawsuit should be stayed and that Plaintiff should be ordered to submit her claims to arbitration, but that

1

Defendants were not entitled to attorney's fees and costs.

In response, on February 16, 2017, Defendants filed an Objection to the Report and Recommendations contesting the denial of attorney's fees and costs. [Doc. No. 22]. Plaintiff did not respond. Consequently, on March 9, 2017, Judge James entered a Memorandum Ruling and a Judgment adopting in part and declining to adopt in part Magistrate Judge Hanna's Report and Recommendations. [Doc. Nos. 23 & 24]. Specifically, the March 9, 2017 Judgment adopted the recommendation that the lawsuit be stayed and that Plaintiff be ordered to submit her claims to arbitration, but declined to adopt the recommendation that Defendants not be awarded attorney's fees and costs. Again, Plaintiff did not respond. Thus, on March 30, 2017, Defendants' legal counsel filed a Motion for Bill of Costs, seeking attorney's fees in the amount of $13,302.00 and costs. [Doc. No. 25]. Once again, Plaintiff did not respond.

On May 4, 2017, Judge James entered Judgment against Plaintiff, awarding Defendants attorney's fees, but in the reduced amount of $10,095.00. [Doc. No. 27].

Plaintiff filed a *pro se* letter motion on August 9, 2017, [Doc. No. 29], which the Court construed as a request for an extension of time in which to secure and retain counsel, inasmuch as the proceedings had been stayed pending arbitration. On August 21, 2017, the Court ordered that the stay of proceedings be lifted for the limited purpose of allowing Plaintiff to enroll counsel, and ordered Plaintiff to either enroll counsel or give notice of her intent to proceed pro se, no later than September 18, 2017.

Plaintiff's new counsel filed a motion to enroll on September 18, 2017. [Doc. No. 33]. However, the pending Motion for Relief from Judgment was not filed until March 20, 2018. [Doc. No. 36].

Plaintiff requests relief from the March 9, 2017 Judgment pursuant to FED. R. CIV.P. 60(b)(6), and relief from the May 4, 2017 Judgment pursuant to FED. R. CIV. P. 60(b)(1), and alternatively, Rule 60(b)(6).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff primarily contends that she is entitled to relief due to her prior attorney's neglect. She alleges that following the hearing before Magistrate Judge Hanna on January 24, 2017, (which she personally attended), her attorney failed to inform her as to the filing of the February 16, 2017 Report and Recommendations; the Court's March 9, 2017 Judgment awarding Defendants attorney's fees and costs; and the Court's May 4, 2017 Judgment setting the amount of attorney's fees to which Defendant was entitled at $10,095.00. She further alleges that she made numerous inquiries as to the status of the case after the January 24, 2017 hearing, but that her attorney either ignored her or intentionally misrepresented the status of the case. She suggests that her attorney's failure to keep her informed and failure to file various responses to motions seeking attorney's fees

3

was due to her attorney's preoccupation with disciplinary proceedings that had been instituted against him, which resulted in an order from the Louisiana Supreme Court on April 27, 2017, suspending him from the practice of law on an interim basis. She alleges that she did not learn that a Judgment had been entered against her for Defendants' attorney's fees until on or about July 31, 2017, when she visited the Federal Court Clerk of Court's office.

After carefully reviewing the record and considering the arguments of the parties, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Relief from Judgments [Doc. No. 36]. The Motion is DENIED as to the March 9, 2017 Judgment, but GRANTED as to the May 4, 2017 Judgment, for the following reasons.

**The March 9, 2017 Judgment**

Plaintiff seeks relief from the March 9, 2017 Judgment pursuant to Rule 60(b)(6).

Rule 60(b) attempts to strike a balance between two conflicting goals: the finality of judgments and the command of courts to do justice. *See Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 606 (5th Cir. 1986).

The Fifth Circuit has set forth the following eight factors which are to be considered in the light of the great desirability of preserving the principle of the finality of judgments:

(1) that final judgments should not lightly be disturbed;

(2) that the Rule 60(b) motion is not to be used as a substitute for appeal;

(3) that the rule should be liberally construed in order to achieve substantial justice;

(4) whether the motion was made within a reasonable time;

(5) whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;

4

(6) whether, if the judgment was rendered after a trial on the merits, the movant had a fair opportunity to present his claim or defense;

(7) whether there are intervening equities that would make it inequitable to grant relief; and

(8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc., v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981).

The first two factors weigh against the granting of Plaintiff's Motion. The March 9, 2017 Judgment is a final judgment, and no appeal was taken, although Plaintiff's prior attorney was not suspended until April 27, 2017.

As to the fourth factor, Rule 60(c) provides that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." In determining whether a motion has been filed within a reasonable time, the Fifth Circuit has set forth four factors to be considered: (1) the interest in finality; (2) the reason for delay; (3) the practical ability of the litigant to learn earlier of the grounds relied upon; and (4) prejudice to other parties. *Travelers Ins. Co. v. Liljeberg Enters., Inc.,* 38 F.3d 1404, 1410 (5th Cir. 1994).

More than a year passed between the date the Court entered the March 9, 2017 Judgment (which awarded Defendants attorney's fees but did not fix the amount) and the filing of the Plaintiff's Motion for Relief on March 20, 2018. More than 6 months passed between the enrollment of Plaintiff's current counsel on September 18, 2017, and the filing of the Motion for Relief on March 20, 2018. Therefore, this fourth factor weighs against granting Plaintiff's motion.

The desirability of finality in judgments categorically weighs against granting Rule 60(b)

motions, particularly when reopening a judgment could unfairly prejudice the opposing party. *See Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977). The attorney's fees were awarded because Plaintiff improperly filed her Complaint before engaging in arbitration. Defendants would be unfairly prejudiced in having to re-litigate their right to attorney fees already awarded by the Court. The arbitration agreement clearly awarded reasonable attorney's fees should a party disregard the agreement and pursue an action in violation of the arbitration agreement. Thus, even if Plaintiff's Motion for Relief was timely, she would still not be entitled to have the March 9, 2017 Judgment set aside.

With regard to the fifth and sixth factors, the March 9, 2017 Judgment was entered by the Court on Defendants' Motion that was opposed by Plaintiff's prior counsel, both by filing an opposition brief and by presentation of oral argument at the January 24, 2017 hearing before Magistrate Judge Hanna. The fact that Plaintiff did not file a response to the Defendants' Objection to Report and Recommendation does not mean the request for attorney's fees was granted because the motion was not contested. Rather, the Court rejected Magistrate Judge Hanna's Report and Recommendation regarding the awarding of attorney's fees based on a *de novo* review of the record, which included Plaintiff's opposition brief.

Furthermore, with regard to the fifth factor, Plaintiff has not shown that she has a meritorious position with respect to the issues decided that warrants further consideration. Plaintiff does not dispute that she signed the Agreement with the arbitration clause. Her allegation that it was a "contract of adhesion" was considered by the Court and rejected. There is also no dispute that Defendants prevailed and that the Agreement provided for an award of attorney's fees to the prevailing party. Plaintiff offers no factual evidence or legal argument that the Court's decision

with respect to the March 9, 2017 Judgment was erroneous.

With regard to the eighth factor, "any other factors relevant to the justice of the judgments under attack," Plaintiff contends that she is unemployed and caring for a sick spouse, and that she will not be financially able to proceed with arbitration if the Judgments are allowed to stand. However, none of these contentions are relevant to this Motion or to the underlying merits of the Court's March 9, 2017 Judgment. In addition, a consideration of the equities shows that Plaintiff was aware of the positions taken on her behalf by her counsel in filing a Complaint in federal court despite the binding arbitration clause. Her attendance at the January 24, 2017 hearing confirms that she was fully aware of the positions taken on her behalf. It is not inequitable for Plaintiff to bear the consequences of these actions, with which she was in full agreement, and which directly resulted in the Judgment awarding attorney's fees.

The cases cited by Plaintiff do not support her position. The Fifth Circuit in *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 356-357 (5th Cir. 1993), specifically stated that Rule 60(b) relief will only be afforded in "unique circumstances," and, "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." Plaintiff's complaints that her attorney failed to file a response to Defendants' Objection to Magistrate Hanna'a Report and Recommendation falls within that category.

The result in *Seven Elves, Inc. v. Eskenazi, supra*, is distinguishable on its facts. In that case, the movant's counsel told his clients that no action would be required from them, but unbeknownst to the clients, withdrew from the case. This resulted in the entry of a default

judgment of $250,000 against the clients. In the instant case, Plaintiff's counsel was not suspended before the March 9, 2017 Judgment was entered, and, more importantly, the Judgment was not entered against Plaintiff on a default basis. In addition, the defaulted parties in *Seven Elves*, unlike Plaintiff, presented substantial evidence to the court in support of their Rule 60(b) motion demonstrating the existence of sufficiently meritorious defenses that might have resulted in a different outcome if that evidence had been submitted. Finally, the defaulted parties in *Seven Elves* filed their motion within one year of entry of the judgment and *twelve days* after discovery of the existence of the judgment, whereas Plaintiff here waited 7.5 months after learning of the existence of the Judgments on or about July 31, 2017, to file her motion for relief on March 20, 2018, which was also more than one year after the first Judgment.

The cases of *Associated Marine Equipment LLC v. Jones,* 301 Fed. App'x. 346 (5th Cir. 2008) and *Hall v. Sears Roebuck Co.,* 2008 WL 4758669 (W.D. La. 2008), cited by Plaintiff in her motion, are likewise factually distinguishable from the present case. The Judgments in both were entered on a default basis or were of a default nature, where the defaulted parties had no opportunity to present their cases on the merits, unlike Plaintiff in the instant case.

Plaintiff also cites *Vaughn v. Mobile Oil Exploration & Producing Southeast, Inc.,* 1990 WL 93859 (E.D. La. 1990), although in that case the federal district court denied the motion for relief from judgment under Rule 60(b)(6), which was based on the alleged gross negligence of counsel. The district court stressed that a party remains under a duty to take legal steps to protect his own interests, and that part of that duty includes an obligation to keep informed of the state of matters before the court. In denying the motion for relief, the district court stated, "It has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client

8

are chargeable to the client [citation omitted], no matter how unfair this on occasion may seem. Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would disappear." *Vaughn*, *supra.*

Plaintiff argues in the alternative that Defendants will have an opportunity for an award of attorney's fees at the close of the arbitration proceedings if they are successful on the merits. However, this potential claim for attorney's fees incurred in defending the merits is distinct from the attorney's fees already awarded by the Court's Judgments for fees incurred in compelling Plaintiff to arbitrate her claims.

For these reasons, Plaintiff's Motion for Relief [Doc. No. 36] as to the March 9, 2017 Judgment is DENIED.

**The May 4, 2017 Judgment**

Plaintiff requests relief from the May 4, 2017 Judgment, (which *set* the amount of attorney fees to which Defendants were entitled at $10,095.00), pursuant to Rule 60(b)(1), and alternatively, pursuant to Rule 60(b)(6).

Many of the factors set forth above which gravitate in favor of denying Plaintiff's Motion for Relief as to the March 9, 2017 Judgment also gravitate in favor of denying Plaintiff's Motion for Relief as to the May 4, 2017 Judgment.

A distinguishing consideration is the fact that the May 4, 2017 Judgment was clearly in the nature of a default judgment, unlike the March 9, 2017 Judgment. Another distinguishing consideration is the arrest of her prior attorney for forgery on or about April 24, 2017, and his

suspension from the practice of law on April 27, 2017, which occurred *after* the rendition of the March 9, 2017 Judgment but *prior* to the rendition of the May 4, 2017 Judgment, which operated to deprive Plaintiff of her right to appeal.

Defendants contend that Plaintiff was not deprived of her right to appeal because her previous counsel was not suspended from practice before this Court until June 22, 2017, relying on the May 16, 2017 Order of the Fifth Circuit suspending him from the practice of law, effective 35 days from the date of the Order. However, Plaintiff points out that her previous attorney was not in Good Standing in Louisiana as of April 27, 2017, and pursuant to Local Rule 83.2.2, he was ineligible to practice before this Court as of the same date.

Plaintiff was therefore not afforded ample opportunity to an appeal of the May 4, 2017 Judgment, which was rendered after the suspension of her previous attorney. Furthermore, the March 9, 2017 Judgment was entered by the Court on Defendants' Motion that was opposed by Plaintiff's counsel, both by filing an opposition brief and by presentation of oral argument at the January 24, 2017 hearing before Magistrate Judge Hanna. Plaintiff was given ample opportunity to present her position in regard to the issuance of the stay and in regard to the awarding of attorney fees to the prevailing party. Plaintiff even attended the January 24, 2017 hearing and was aware of the issues in dispute. Plaintiff was not given the same opportunity to contest or to appeal the *amount* of attorney fees to be awarded, inasmuch as her attorney had been suspended as of April 27, 2017, and she had no knowledge the amount of attorney fees to be awarded was an issue before the Court. However, since additional litigation has been conducted, the result could possibly be an award of attorney's fees in excess of the amount previously awarded against the Plaintiff.

For these reasons, Plaintiff's Motion for Relief [Doc. No. 36] as to the May 4, 2017

Judgment is GRANTED.

Should the Defendant STRATEGIC RESTAURANTS ACQUISITION COMPANY LLC, seek additional attorney's fees for responding to the instant motion, it should file a supplemental memorandum with supporting evidence no later than May 25, 2018. Plaintiff should file a memorandum in opposition to the original Motion for Bill of Costs [Doc. No. 25] and any supplemental request no later than twenty-one (21) days after the supplemental memorandum is filed. Defendant will have fourteen (14) days after Plaintiff's memorandum is filed in which to file a reply

MONROE, LOUISIANA, this 25th day of April, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**