UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SCENTER PICKNEY | CIVIL ACTION NO. 6:16-cv-00211 |
| VERSUS | JUDGE JAMES |
| STRATEGIC RESTAURANTS ACQUISITION COMPANY LLC, ET AL. | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

Currently pending is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b). (Rec. Doc. 39). The motion was referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted in part and denied in part.

### **BACKGROUND**

This is an employment discrimination lawsuit. In her complaint, the plaintiff alleged that she is a 53-year-old African-American woman who was wrongfully terminated from her employment with a Burger King franchise. In January 2017, this Court recommended that this action be stayed, that the plaintiff be ordered to submit her claim to arbitration, and that the defendants not be permitted to recover

attorneys' fees. (Rec. Doc. 21). On March 9, 2017, the District Court adopted the recommendations in part, and entered judgment, staying the case pending arbitration, ordering the plaintiff to submit her claim to arbitration, and awarding attorneys' fees to the defendants. (Rec. Doc. 24). Thereafter, the plaintiff sought reconsideration of that judgment but the District Court denied the requested relief and maintained its rulings, staying the case pending arbitration and requiring the plaintiff to submit her claim to arbitration. (Rec. Docs. 44, 45).

The defendants now seek to have the plaintiffs' claim dismissed for failure to prosecute or for failure to comply with a court order because she has not yet submitted her claim for arbitration. Alternatively, the defendants seek an order establishing a deadline for the plaintiff to submit her claim to arbitration.

## LAW AND ANALYSIS

### A.   The Applicable Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss any action based on the failure of the plaintiff to comply with any order of the court.[1] In applying the sanction of dismissal with prejudice, courts have traditionally considered the extent to which the plaintiff, rather than his

---

[1]   *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

counsel, is responsible for the delay or failure to comply with the court's order.[2] A dismissal with prejudice is an extreme sanction[3] and is authorized only upon a showing of (1) a clear record of delay or contumacious conduct by the plaintiff and (2) that lesser sanctions would not serve the best interests of justice.[4] Generally speaking, a court should also look to the presence of one or more aggravating factors, including the extent to which the plaintiff is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.[5]

**B.** **The Plaintiff Should be Permitted an Opportunity to Submit Her Claim to Arbitration**

No evidence was presented supporting the conclusion that the plaintiff's delay in submitting her claim to arbitration was the result of her own acts or omissions. To the contrary, the plaintiff established that she was previously represented by an attorney who, during the representation, was suspended from the practice of law. The plaintiff did not learn about the March 9, 2017 and May 4, 2017 rulings until she simultaneously learned that her attorney had been suspended. She then took

---

[2] See *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989).

[3] *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).

[4] *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam).

[5] *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

steps to retain new counsel in compliance with a deadline imposed by the court, and her new lawyer filed motions for relief from the earlier judgments and responded to the instant motion. Although it is correct that the plaintiff has not yet submitted her claim to arbitration, the plaintiff's delay in doing so is attributable to her prior lawyer's failure to properly maintain communication with her, her unanticipated need to retain new counsel, and her current lawyer's reasonable effort to seek relief from the court's prior rulings before moving forward with arbitration. The plaintiff also represented in her briefing that efforts had been underway until recently to negotiate a settlement of her claim. Accordingly, this Court finds that the delays in moving forward with arbitration were not the result of the plaintiff's deliberate delay or contumacious conduct.

This Court further finds that there is no evidence that lesser sanctions than dismissal of the lawsuit would not be appropriate in this case. The actions undertaken by the plaintiff's new counsel clearly establish the plaintiff's timely compliance with court orders and thoughtful attempts to advocate the plaintiff's position. There is no basis for concluding that dismissal of the lawsuit is the only valid avenue forward. Therefore, this Court finds that imposing a sanction less severe than dismissal of the lawsuit would serve the best interests of justice in this particular case. Indeed, the defendants themselves alternatively sought to have a

deadline established for the submission of the claim to arbitration. This Court finds that setting such a deadline is the better course of action.

Finally, the defendants failed to prove that the plaintiff's delay in initiating arbitration has resulted in them being actually prejudiced. This lawsuit was filed in early 2016, and the delays to date have not been extreme or outrageous. Although the defendants pointed out that some of the individual defendants and fact witnesses are no longer employed by defendant Strategic Restaurants Acquisition Company, employee turnover in the fast food industry is notoriously high. This would not be a valid reason for fixing an early trial date if this matter were going to be litigated rather than arbitrated, and the defendants have not established that these persons cannot be located.

For these reasons, this Court finds that the plaintiff's claim should not be dismissed, and the plaintiff should be permitted an opportunity to submit her claim to arbitration.

C.  **The Plaintiff is not Entitled to Recover Attorneys' Fees**

The plaintiff argued that she should be permitted to recover attorneys' fees, under a specific paragraph of the parties' arbitration agreement, because the defendants filed the instant motion to dismiss. The plaintiff describes the motion as both premature and unwarranted and suggests that the defendants' motivation for filing the motion was to avoid arbitration. This argument ignores the fact that it was

the plaintiff who originally filed a lawsuit rather than submitting her claim to arbitration as required by the parties' arbitration agreement. The filing of a motion to dismiss that lawsuit cannot reasonably be interpreted as the initiation of litigation or an effort to circumvent arbitration. This Court finds that the plaintiff's argument lacks merit.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the defendants' motion (Rec. Doc. 39) be GRANTED IN PART and DENIED IN PART. More particularly,

IT IS RECOMMENDED that the motion be DENIED to the extent that the defendants are seeking to have this case dismissed and GRANTED to the extent that the defendants are seeking to have a deadline established for the plaintiff to submit her claim to arbitration, and

IT IS FURTHER RECOMMENDED that the District Court judgment concerning this report and recommendation establish a deadline for the plaintiff to submit her claim to arbitration.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 9th  day of May 2018

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE