# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **SCENTER PICKNEY** | **CIVIL ACTION NO. 16-0211** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STRATEGIC RESTAURANTS ACQUISITION COMPANY LLC, ET AL.** | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Pending before the Court is Defendants' Supplemental Request for Attorney's Fees [Doc. No. 51]. The motion is fully briefed, and the Court is prepared to rule.

Plaintiff filed this suit on February 15, 2016, asserting claims for discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2); and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

In response, on June 6, 2016, Defendants filed a Motion to Compel Arbitration, to Stay Proceedings, and for an Award of Reasonable Attorney's Fees on grounds that Plaintiff was required to submit her claim to arbitration in accordance with an arbitration agreement. [Doc. No. 11]. On February 6, 2017, Magistrate Judge Hanna issued a Report and Recommendations suggesting that the Defendants' Motion to Compel Arbitration and Stay Proceedings be granted in part and denied in part. [Doc. No. 21]. Magistrate Judge Hanna concluded that that the lawsuit should be stayed and that Plaintiff should be ordered to submit her claims to arbitration, but that Defendants were not entitled to attorney's fees and costs.

In response, on February 16, 2017, Defendants filed an Objection to the Report and

Recommendations contesting the denial of attorney's fees and costs. [Doc. No. 22]. Plaintiff's counsel did not respond. Consequently, on March 9, 2017, then-presiding Judge James entered a Memorandum Ruling and a Judgment adopting in part and declining to adopt in part Magistrate Judge Hanna's Report and Recommendations. [Doc. Nos. 23 & 24]. Specifically, the March 9, 2017 Judgment adopted the recommendation that the lawsuit be stayed and that Plaintiff be ordered to submit her claims to arbitration, but declined to adopt the recommendation that Defendants not be awarded attorney's fees and costs. Again, Plaintiff's counsel did not respond. Thus, on March 30, 2017, Defendants' legal counsel filed a Motion for Bill of Costs, seeking attorney's fees in the amount of $13,302.00 and costs. [Doc. No. 25]. Once again, Plaintiff's counsel did not respond.

On May 4, 2017, Judge James entered Judgment against Plaintiff, awarding Defendants attorney's fees, but in the reduced amount of $10,095.00. [Doc. No. 27].

On March 20, 2018, Plaintiff's new counsel filed a Motion for Relief from Judgment [Doc. No. 36], contending that Plaintiff was entitled to relief from the March 9, 2017 Judgment and the May 4, 2017 Judgment due to her prior attorney's neglect. Defendants filed an Opposition [Doc. No. 38] to Plaintiff's Motion for Relief from Judgment.

On April 25, 2018, this Court *denied* Plaintiff's Motion for Relief as to the March 9, 2017 Judgment which *awarded* Defendants attorney's fees, but *granted* Plaintiff's Motion for Relief as to the May 4, 2017 Judgment which *set the amount* of attorney's fees. [Doc. Nos. 44 and 45]. Defendant Strategic Restaurants Acquisition Co. LLC was given a time limit in which to file a supplemental memorandum requesting additional attorney's fees, if it so desired, and Plaintiff was given a time limit in which to respond to the original Motion for Bill of Costs [Doc. No. 25] and

to any supplemental request.

Defendants filed the instant Supplemental Request for Attorney Fees [Doc. No. 51] on May 10, 2018. Plaintiff filed her Memorandum in Opposition [Doc. No. 54] on May 31, 2018.

The Court's May 4, 2017 Memorandum Ruling [Doc. No. 27] found a rate of $275 per hour for David M. Whitaker and $150 per hour for Zoe Vermeulen to be reasonable rates for attorneys of comparable experience in Lafayette, Louisiana. Plaintiff acknowledges that the hourly rate is not at issue in this matter [Doc. No. 54, p. 4].

What is at issue is the reasonableness of the hours expended. Defendants seek the original attorney fee amount awarded of $10,095.00 as well as additional attorney's fees of $4,411.00 incurred in opposing Plaintiff's Motion for Relief from Judgment, for a total of $14,506.00.

Plaintiff argues that counsel for Defendants have failed to exercise billing judgment. Plaintiff contends that Defendants' counsel have billed for duplicative and excessive hours, and that, when a party chooses two attorneys to represent it in a lawsuit, the opposing party is not required to pay for duplicative work among the attorneys. Plaintiff asserts that the number of billable hours is excessive in view of the lack of complexity and the lack of novelty in the issues presented in this case. Plaintiff objects to the hours billed for unproductive tasks, such as for time spent considering a motion to dismiss that Defendants ultimately did not file. Plaintiff complains that several billing entries involve clerical work performed by attorneys, and that it is well settled that clerical work performed by attorneys is not recoverable at the attorney's rate. Plaintiff objects to Defendants' counsel billing the full hourly rate for travel time in the absence of documentation that any legal work was accomplished during said travel time.

Lastly, Plaintiff argues that the inability to pay is a proper factor to be considered in

granting or denying taxable costs, and that the award of costs to the prevailing party may be overcome by a showing of indigency. (See *Williams v. J.B. Hunt Transp., Inc.,* 2016 U.S. Dist. LEXIS 112801 *12 (S.D. Tx Aug. 24, 2016) citing *Hartnett v. Chase Bank of Tex. Nat'l Ass'n,* 1999 U.S. Dist. LEXIS 16872 *1, (N.D. Tx. 1999)). Plaintiff attaches affidavits and supporting documents indicating that Plaintiff and her husband are on a fixed monthly income currently surviving on his social security disability benefits in the amount of $1482.00; that they reside in a 34-year old mobile home; that their monthly expenses for cable, utilities, automobile payments and insurance total $1,590.00; that Plaintiff has $699.98 in her checking account and $20.93 in savings; that her husband has a balance of $963.14 in his checking account with no savings account; that neither party has any 401K or retirement account; that they owe approximately $25,576.15 in back taxes to the IRS; that her husband has suffered with persistent cardiovascular medical issues and on January 11, 2018, he had a heart transplant; that as a result of these medical issues they have accumulated approximately $22,227.42 in medical bills to date that he and Plaintiff are solely responsible for; and that Plaintiff's husband also pays approximately $175.00 a month for medication related to his medical condition.

Plaintiff concludes that adding an additional $14,506.00 to her existing debts would only add one more unsecured and unpayable debt that could not be paid in the foreseeable future.

After carefully reviewing the record, weighing the arguments of both parties, and particularly in consideration of Plaintiff's alleged financial difficulties, the Court reduces the $14,506.00 in attorneys' fees requested by Defendants by 25%, and therefore awards Defendants attorneys' fees in the amount of $10,879.00.

MONROE, LOUISIANA, this 1st day of June, 2018.

                                              **TERRY A. DOUGHTY**
                                              **UNITED STATES DISTRICT JUDGE**